UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Case No. 94-81259

L.W. SMITH, JR.,

    Defendant.
                                                   /

**OPINION AND ORDER GRANTING REQUEST TO HAVE COURT APPOINTED
COUNSEL REMOVED AND DENYING MOTION TO REDUCE SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2)**

The matter is before the court on a determination for a possible reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The court appointed the Federal Defender's Office "to determine eligibility, confer with the Probation Department and the U.S. Attorney's Office, and gather the pertinent information to assist the court in expeditiously resolving any pending or intended 18 U.S.C. § 3582(c) motions." (3/27/09 Order at 1.) The Federal Defender's Office then filed a "Statement of Counsel" asserting Defendant Smith's ineligibility for a modification. (*See* 7/21/09 Notice of Statement of Counsel at 1.) Thereafter, Defendant Smith filed a "Motion to Proceed Pro Se . . .," which was docketed as a "Request To Have Court Appointed Counsel Removed." (Dkt. # 1127.) In his request, Defendant argues that counsel was not fulfilling his responsibilities when he asserted that Defendant was ineligible for a sentence reduction, and that the court should consider Defendant's previously filed pro se motion for reduction of sentence. Defendant also argues that the Government

should be required to respond to Defendant's motion. The court first notes that while court-appointed counsel should act as Defendant's advocate, he cannot ethically argue for a reduction which is specifically prohibited by law. In this case, the law simply does not allow a reduction of sentence and counsel had an ethical responsibility to so inform the court, as an attorney and officer of the court. Nonetheless, the court will not force counsel to remain on this case if Defendant would prefer to proceed *pro se*. Thus, the court will grant Defendant's request and remove court-appointed counsel from this case. The court will therefore consider the substance of Defendant's pro se motion for a sentence reduction, along with his subsequent pro se filings.

In Defendant's motion, he argues that his sentence should be reduced based on the United States Sentencing Commission's amendments to sentencing guideline determinations based upon cocaine base calculations. On November 1, 2007, the Sentencing Commission lowered the offense levels assigned to cocaine base crimes in an effort to correct the disparity between sentences for cocaine base offenses and other drug offenses. U.S. Sentencing Guidelines Manual app. C amend. 706 (2007). On March 3, 2008, these amendments became retroactive. USSG app. C amend. 716 (Supp. May 1, 2008). Defendant argues that application of these amendments will lower his sentence.

However, after reviewing Defendant's pro se motion for a sentence reduction, the court finds that his motion must fail as a matter of law. Defendant cannot rely on the guideline amendments. Defendant was sentenced to the statutory minimum and the court cannot now modify his sentence to impose a term of imprisonment below the statutory minimum. *See United States v. Green,* 532 F.3d 538, 546 n.8 (6th Cir. 2008) ("[T]he potential applicability of the reduction and retroactive effect continues to depend on subjective factors (e.g., nature and characteristics of the particular defendant and his

or her crime) and specifically cannot override any mandatory statutory minimum sentences set forth by Congress."). His motion is without legal basis and must be denied.[1] Accordingly,

IT IS ORDERED that Defendant's request to have court appointed counsel removed [Dkt. # 1127] is GRANTED.

IT IS ORDERED that Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) [Dkt. # 1081] is DENIED, and the matter is deemed closed.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: October 9, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 9, 2009, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

---

[1] The court notes that this is the same conclusion reached by Defendant's court-appointed attorney and expressed in counsel's July 21, 2009 notice. The court stresses to Defendant that the court's conclusion is based on the facts of this case, as opposed to any opinion which could be expressed by Defendant's counsel. There are cases, such as this one, where only one legal conclusion can be reached by the underlying facts.

S:\Cleland\JUDGE'S DESK\C3 ORDERS\94-81259.SMITH.Grant.Withdraw.wpd